# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Michael Stephen Robb, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 3:12-cv-96 |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Robert Roberts and Vicki Roberts, doing ) | |
| business as Breadsmith of Fargo, ) | |
| ) | |
| Defendants. ) | |

Plaintiff Michael Stephen Robb ("Robb"), who is proceeding *pro se* and *in forma pauperis*, filed a complaint alleging employment discrimination. (Doc. 4). Upon initial review of the complaint, the court ordered Robb to show cause why his complaint should not be dismissed for failure to exhaust his administrative remedies and for failure to state a claim upon which relief can be granted. (Doc. 9). Robb failed to respond to the court's order to show cause.

Under 28 U.S.C. § 1915(e)(2), the court may review an *in forma pauperis* complaint and dismiss the action if it is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or fact." Neitze v. Williams, 490 U.S. 319, 325 (1989). The term frivolous "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." Id. An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A complaint states a plausible claim for relief if its 'factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Branden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009). (quoting Ashcroft v. Iqbal, 556 U.S.

662, 678 (2009)). There must be "more than sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678.

The court must accept the plaintiff's factual allegations as true. Id. However, "some factual allegations may be so indeterminate that they require 'further factual enhancement' in order to state a claim." Branden, 588 F.3d at 594 (quoting Twombly, 550 U.S. at 557). The facts pled must "give the defendant fair notice of what the claim is and the grounds upon which it rests." Id. (quoting Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam)). To satisfy fair notice, a plaintiff must at minimum state the operative facts underlying the claim. Kyle v. Morton High School, 144 F.3d 448, 455 (7th Cir. 1998). "Mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 555).

Robb states that defendant Robert Roberts ("Roberts") hired Robb to be a production worker at Breadsmith. Robb's first shift was from 8:00 P.M. to 5:00 A.M. Following his first shift, Robb states he was unable to sleep and only slept two hours before returning to Breadsmith at 8:00 P.M. the following day for his second shift. He states he was very tired and unfocused due to lack of sleep. At 11:00 P.M., defendant Roberts came to the bakery. At 11:15 P.M., Defendant Roberts asked Robb and another employee, identified by plaintiff as "B," to meet with him outside. Defendant Roberts informed plaintiff that he was disrupting the night crew and terminated his employment.

Plaintiff seeks monetary damages for discriminatory hiring and firing practices and for defendant Roberts' improper scheduling practices and poor judgment. The court notes that plaintiff stated in his complaint that he was never provided a written schedule of the dates and times he was to work, and he was simply "thrown to the wolves or into the mix." (Doc. 4, p. 5).

Prior to filing a federal lawsuit, Robb must exhaust his administrative remedies by filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") and receive notice of the right to sue. See 42 U.S.C. §§ 2000e-5(f)(1); see also Hanenburg v. Principal Mut. Life Ins. Co., 118 F.3d 570, 573 (8th Cir .1997) ("A plaintiff may not assert a claim under Title VII unless she has filed a timely charge with the EEOC and, in most cases, the EEOC issues a notice, commonly called a right-to-sue letter."). Robb does not state whether or not he has exhausted his administrative remedies, but it appears he has not because his prayer for relief states that the Department of Labor should investigate, which would have happened had Robb filed a charge of discrimination with the EEOC or the North Dakota Department of Labor.[1]

Additionally, Robb has not stated a claim for discrimination. In the absence of direct evidence of discrimination, a Title VII claim is analyzed under the burden-shifting framework set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Plaintiff has the initial burden to show that he: 1) is a member of a protected group; 2) was meeting the legitimate expectations of his employer; 3) suffered an adverse employment action; and 4) the adverse employment action occurred under circumstances giving rise to an inference of discrimination. Maxfield v. Cintas Corp. No. 2, 427 F.3d 544, 550 (8th Cir.2005) (quotation and citation omitted). Robb has not shown that he is a member of a protected group, that he was meeting the expectations of his employer, or that the circumstances give rise to an inference that his termination was based on discrimination. The facts as alleged only demonstrate that Robb was

---

[1] The North Dakota Department of Labor and the EEOC have a work-sharing agreement. If a case alleging violations of Title VII of the Civil Rights Act is filed with either agency it is filed under both federal and state laws, and a single investigation is conducted by the Human Rights Division of the North Dakota Department of Labor. See http://www.nd.gov/labor/human-rights/employment.html.

tired and unfocused at work due to lack of sleep, and that defendant fired Robb for being disruptive.

Robb failed to demonstrate that he exhausted his administrative remedies and failed to state a claim upon which relief can be granted.  It is **RECOMMENDED** that Robb's complaint (doc. 4) be **DISMISSED** with prejudice.  It is further **RECOMMENDED** that the court find that any appeal would be frivolous, could not be taken in good faith, and may not be taken *in forma pauperis*.

Dated this 28th day of May, 2013.

                                            /s/ *Karen K. Klein*
                                            Karen K. Klein
                                            United States Magistrate Judge

**Notice of Right to Object**

Pursuant to Rule 72(a) and (b), Federal Rules of Civil Procedure, and District of North Dakota Local Court Civil Rule 72.1(D)(2) and (3), plaintiff may object to this Report and Recommendation by filing with the Clerk of Court no later than June 14, 2013, a pleading specifically identifying those portions of the Report and Recommendation to which object is made and the basis of any objection.  Failure to object or to comply with this procedure may forfeit the right to seek review in the Court of Appeals.